**Opinion issued November 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00405-CV

————————————

## IN RE MAXINE ADAMS AND CECIL ADAMS, Relators

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relators, Maxine Adams and Cecil Adams, proceeding pro se, filed a petition for writ of mandamus in this Court. Relators' petition sought, among other things, to reverse the order denying the relators' motion to dismiss Harris County's interpleader suit and the order denying the relators' no-evidence summary judgment

motion, both signed on March 13, 2015, in the underlying proceeding.[1] On June 28, 2016, after requesting and receiving responses from the real parties in interest, and relators' reply, this Court granted the relators' alternative motion to abate. This Court remanded the petition to allow the newly-assigned trial judge, the Honorable Randy Wilson, to reconsider the orders signed by the presiding judge at the time, the Honorable Dan Hinde. *See* TEX. R. APP. P. 7.2 (b).

Generally, to be entitled to mandamus relief, a relator must establish that the trial court clearly abused its discretion and that she lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator bears the burden of proving both of these two requirements. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

On August 29, 2016, a second supplemental clerk's record was filed in this Court containing three orders, all signed on August 8, 2016. The first order granted defendant Rebecca Ross's motion for summary judgment on the relators' cross-claims against Ross. The second order granted defendant Kathleen Keese's motion for summary judgement on the interpleader claim, dismissed the relators' cross-claims against Keese with prejudice, and further ordered that Keese was entitled to

---

[1]     The underlying case is *Harris County, Texas, et al. v. Maxine Adams, et al.*, Cause No. 2014-35653, pending in the 157th District Court of Harris County, Texas, the Honorable Randy Wilson, currently presiding.

enforce this judgment. The third order denied the relators' motion to dismiss Harris County's interpleader suit.

On October 11, 2016, this Court's Order, among other things, denied the relators' motion for reinstatement because they stated that they had recently filed a notice of interlocutory appeal. Relators' notice of appeal, which has been assigned to this Court under appellate cause number 01–16–00760–CV, seeks to appeal from an order, signed on September 2, 2016, granting counterclaim defendant Harris County's motion for summary judgment.

On October 12, 2016, a third supplemental clerk's record was filed in this Court containing three more orders. The first two orders were both signed on September 2, 2016, and the first one granted counterclaim defendant Harris County's motion for summary judgment, the subject of relators' interlocutory appeal. The second order granted defendant Rebecca Ross's motion for partial summary judgment on the interpleader claim. A third order, signed on October 3, 2016, granted Harris County's motion for summary judgment on its interpleader claim and further ordered that Harris County was entitled to enforce this judgment.

The October 3, 2016 order appears to be a final judgment because it disposed of the remaining party and claim. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language" and "if a

3

court has dismissed all of the claims in a case but one, an order determining the last claim is final."); *H.B. Zachry Co. v. Thibodeaux*, 364 S.W. 192, 193 (Tex. 1963) (per curiam) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating final and appealable judgment). Thus, because relators have filed a notice of appeal, which remains pending under 01–16–00760–CV, and a final judgment has been signed, they have an adequate appellate remedy to challenge the orders that are the subject of this petition. *See Walker*, 827 S.W.2d at 840 (mandamus relief is not available when adequate appellate remedy exists); *see also In re Esparza*, No. 14–16–00748–CV, 2016 WL 5947445, at *1 (Tex. App.—Houston [14th Dist.] Oct. 13, 2016, orig. proceeding) (per curiam) (mem. op.) (citations omitted) ("Except in unusual circumstances, not applicable here, mandamus relief is not available after a final judgment has been issued because relator then has an adequate remedy by direct appeal.").

## Conclusion

Accordingly, we **reinstate** this original proceeding and **deny** the petition for writ of mandamus because relators have an adequate appellate remedy.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Brown.